[No. 17219. Department Two. October 13, 1922.]

GEHARD PEARSON, *doing business under the name and style of Pacific Coast Grinding and Machine Works, Respondent,* v. JOE COHEN *et al., Appellants.*[1]

APPEAL (454) — REVIEW — HARMLESS ERROR — FACTS OTHERWISE ESTABLISHED. In an action tried to the court, error can not be assigned on the receipt in evidence of exhibits showing expenditures, where the amount was established by other competent evidence.

Appeal from a judgment of the superior court for King county, Ronald, J., entered November 1, 1921, upon findings in favor of the plaintiff, in an action on contract, tried to the court. Affirmed.

*Guie & Halverstadt,* for appellants.
*Revelle & Revelle* and *Lucas C. Kells,* for respondent.

MAIN, J.—The purpose of this action was to recover for labor and materials which, it is claimed, were furnished at the special instance and request of the defendants, and which were not paid for. The wives of the defendants, Joe Cohen and Ira Lee, respectively, were made parties. The cause was tried to the court without a jury and resulted in findings of fact, conclusions of law and a judgment sustaining the right of the plaintiff to recover in the sum of $587.13. From this judgment the defendants appeal.

The respondent operated a machine shop in the city of Seattle. The appellant Lee had invented a rain and sun shield to be installed on automobiles, and had prepared a blue print thereof and two rough models had

[1]Reported in 209 Pac. 685.

been made by hand. It was his desire to have the device perfected in order that the shields might be manufactured and placed on the market. The appellant Cohen was to finance this preliminary undertaking. The result was a contract between the appellants and the respondent whereby the latter, as he claims, was to make twenty-five shields, after making two or three in perfecting the device. The appellants claim that the respondent was to make one shield, and if it were workable, then an order would be given for twenty-five.

After the contract was entered into, whatever its terms, the respondent began its performance, and from time to time Lee visited his plant and made suggestions as to changes in the device in order that it might be workable. This continued over a number of weeks, and until the respondent had expended the amount of money which he sought to recover for labor and materials used. After he had been working on the device for several weeks and had made two of the shields, he presented a statement for the money thus expended, which the appellants declined to pay, and thereupon he brought this action to recover the reasonable value of the material and labor so furnished.

The evidence as to the terms of the contract between the parties is directly conflicting. If the contract is as claimed by the respondent, which contention is supported by evidence offered by him, then he was entitled, after the appellants had repudiated the contract, to bring the present action. If the contract was as claimed by the appellants, he would only be entitled to recover the reasonable value of making the one shield. The trial court upon this conflicting evidence sustained the view of the respondent as to the facts.

After a careful reading of all of the evidence, as it

appears in the statement of facts, we are of the opinion that the trial court's view was right. The device had not been perfected at the time the contract was made and it necessarily involved experimental work in order that a result might be reached which would be workable and practicable and such as could be placed upon the market for sale and use.

It is argued by the appellants that the judgment was excessive, but this contention could only be sustained upon the ground that the contract was for one shield, as they claim, and did not involve experimental work; because, if the contract involved the developing of the device such as to make it workable, it would necessarily involve the expenditure of more money and labor than would be necessary simply to make one shield which would be the counterpart of a model.

There were introduced in evidence three exhibits, referred to as "A", "B" and "C", and the appellants claim that these are improperly in the record. Exhibit "A" was the original work order entered at respondent's shop. Exhibit "B" is the list of materials purchased and used in perfecting the rain shield with the cost price set opposite each item. Exhibit "C" is a statement of the names of the men working on the shield and of the hours put in by each. The respondent says that the appellants, at the time these exhibits were offered, failed to make a proper objection thereto and that they have now no right to complain. It is unnecessary to determine whether there was any such objection, because there was evidence that the cost price of the materials furnished was as set out in exhibit "B", and that $480.38 had been expended for labor which was the reasonable price therefor.

As suggested in the brief of the appellants, there is little in this case except questions of fact, and upon

these, as already stated, we entertain the same view as that adopted by the trial court.

The judgment will be affirmed.

PARKER, C. J., HOLCOMB, MACKINTOSH, and HOVEY, JJ., concur.